FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

JAN 2 5 2008

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID LEE JOHNSON, GDC NO. 673171,<br>Plaintiff, | CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO.<br>1:07-CV-3234-TWT |
| BILL MCDANIEL,<br>Defendant. | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity screening.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

2

II. Discussion

On May 9, 2007, the Georgia Court of Appeals denied Plaintiff's second motion for an out-of-time appeal. Johnson v. State, Case No. A07A1591 (Ga. Ct. App. May 9, 2007). (Doc. 1 at 4, 16). In so ruling, the Georgia Court of Appeals noted that it had previously affirmed Plaintiff's convictions in the Superior Court of Walker County of rape, assault with a knife during the commission of a crime, and cruelty to children. Id. (Doc. 1 at 16). The Georgia court also previously affirmed the trial court's denial of Plaintiff's motion to void sentence. Id. (Doc. 1 at 16).

On October 5, 2007, Plaintiff filed a motion to correct illegal and void sentence in the trial court. (Doc. 1 at 4, 8). On October 8, 2007, the trial court denied Plaintiff's motion. (Id. at 4, 9). On October 23, 2007, Plaintiff filed a notice of appeal with the Clerk of Court for the Superior Court of Walker County. (Id. at 4, 10-13). On December 5, 2007, Plaintiff filed a motion to perfect appeal. (Id. at 4, 14). On the same day, Defendant Bill McDaniel, Clerk of Court for the Superior Court of Walker County, wrote a letter to Plaintiff explaining that, due to the most recent decision of the Georgia Court of Appeals, he could not appeal

3

the trial court's denial of his motion to correct illegal and void sentence.  (Id. at 5, 15).

Plaintiff alleges that McDaniel has misconstrued the decision of the Georgia Court of Appeals and is violating the Georgia Constitution. (Id. at 5-6). As relief, Plaintiff asks this Court to issue a writ of mandamus directing "Defendant to transmit Plaintiff's criminal action, documents, records and transcript to the Court of Appeals as required by law." (Id. at 17).

This Court is without authority to grant Petitioner a writ of mandamus. Federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts have no general power to issue writs of mandamus against state officials. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Noe v. Metropolitan Atlanta Rapid Transit Authority, 485 F. Supp. 501, 504 (N.D. Ga. 1980), aff'd, 644 F.2d 434 (5th Cir.), cert. denied 454 U.S. 1126 (1981). As this Court cannot grant Plaintiff the relief he seeks, this action should be dismissed.

4

III.   Conclusion

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, the instant 42 U.S.C. § 1983 civil rights action is **DISMISSED**. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 25 day of January, 2008.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/82)